UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF **EULA B. DEVALL, L.L.C. AS OWNER OF M/V EULA B. DEVAL, AND HER ENGINES, TACKLE, APPURTENANCES, FURNITURE, ETC., PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | **CIVIL ACTION**<br><br>**NO:     15-5020**<br><br>**SECTION: "N" (4)** |

ORDER

Before the Court is **Motion for an Order for Claimant Larry Gildemeister to Submit to Independent Medical Examination (R. Doc. 24)** filed by Plaintiff-in-Limitation seeking an order from the Court to compel Claimant Larry Gildemeister to submit to an independent medical exam (IME). The motion was opposed. R. Doc. 27. The motion was submitted on August 31, 2016 and heard with oral arguments that same day. For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART.**

**I.     Background**

This action was filed by Eula B. Devall, L.L.C. ("Plaintiff-in-Limitation") in the District Court on October 7, 2015 as a Petition for Exoneration from, or alternatively, Limitation of Liability under the Limitation of Liability Act, 46 U.S.C. §§ 30501-30512. R. Doc. 1, p. 1. At this time, Larry Gildemeister and Johnnie Baldassaro have filed claims. R. Doc. 8; R. Doc. 9. Claimants allege that the M/V EULA B. DEVALL collided with the barge on which the Claimants were working. R. Doc. 8, p. 4; R. Doc. 9, p. 4. The Claimants allege that the Plaintiff-in-Limitation's negligence and breach of duties caused them to suffer injuries and damages. R. Doc. 8, p. 6; R. Doc. 9, p. 6.

At this time, the Plaintiff-in-Limitation has filed a motion seeking to compel Claimant Gildemeister to submit to an IME. Plaintiff-in-Limitation alleges that he has attempted to set a

1

time for Claimant to undergo an IME conducted by neurosurgeon Dr. Everett Robert since August 1, 2016; however, the Claimant has refused the IME alleging bias on the part of the physician the Plaintiff-in-Limitation has chosen. R. Doc. 24-1, p. 2. Previously, Claimant Baldassaro had undergone an IME conducted by Dr. Robert on June 28, 2016. R. Doc. 27-1. After receiving a copy of the IME report on August 8, 2016, Claimants' counsel felt that Dr. Robert exhibited bias in releasing not only an IME but an additional report apparently offering opinions/analysis of other case related documents. R. Doc. 27, p.3; R. Doc. 27-1, p. 1-2. Given this bias, the Claimants' counsel did not want to submit Claimant Gildemeister to an IME conducted by Dr. Robert; however, the Claimant does not object to submitting to an IME conducted by another unbiased doctor. R. Doc. 27, p. 6. Plaintiff-in-Limitation argues that the Claimant has not articulated a valid basis to object to the IME that he has requested. R. Doc. 24-1, p. 3.

## II.  Standard of Review

Physical and mental examinations are governed by Federal Rule of Civil Procedure 35. Rule 35 allows the Court to order "a party whose mental or physical condition…is in controversy to submit to a physical or mental examination" when there has been a "motion for good cause and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a)(1)-(2); *see also*, *Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208 (5th Cir. 1990) ("Under Rule 35, three requirements are necessary to enable a court to order a Rule 35 exam: (1) the party's physical or mental condition must be in controversy; (2) the expert must be either a physician or a psychologist; and (3) good cause must be shown."). Rule 35's "in controversy" and "good cause" requirements "are not satisfied by showing 'mere relevance to the case.'" *In re Oil Spill by Oil Rig DEEPWATER HORIZON*, MDL No. 2179, 2012 WL 607971, at *3 (E.D. La. Feb. 24, 2012) (quoting

2

*Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964)). As the court in *In Re Oil Spill by Oil Rig DEEPWATER HORIZON* explained:

> Rather, what is required is "an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Whether these requirements are met necessarily depends on the particular facts of the case and the scope of the examination sought.

2012 WL 607971, at *3 (citations omitted) (quoting *Schlagenhauf*, 379 U.S. at 118). Finally, "Rule 35(a) should be liberally construed in favor of discovery." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 207 (N.D. Tex. 1996).

In selecting the independent expert to conduct the examination, "the usual attitude is that although the moving party has no absolute right to the choice of the physician, when no serious objection arises, it is probably best for the court to appoint the doctor of the moving party's choice." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 196, 202 (N.D. Tex. 1995) (citing 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice &Procedure*, §2234.2 (1994)). However, the Court can reject a physician on a showing of bias or prejudice. *Id.* at 203; *Duncan v. Upjohn Co.*, 155 F.R.D. 23, 26 (D. Conn. 1994). Courts addressing bias appear to require a strong showing of the alleged bias. *Duncan*, 155 F.R.D. at 26 ("There was no business or social or attorney-client relationship between the physician and attorney to justify the appointment of a different physician.") *Powell v. United States*, 149 F.R.D. 122, 124 (E.D. Va. 1993) (refusing to reject doctor on basis that he regularly employed by insurance companies and civil defendants to conduct IMEs and that he regularly sided with the defense).

However, the ultimate discretion in the selection of the examiner lies with the Court. *See Lahr*, 164 F.R.D. at 202 ("the moving party has no absolute right to the choice of the physician"). In exercising this discretion, the Court must ensure that the examiner is "suitably licensed or

3

certified." Fed. R. Civ. P. 35(a)(1). "The court's responsibility to determine the suitability of the examiner's qualifications applies even to a proposed examination by a physician." Advisory Committee's Notes to 1991 Amendment to Rule 35. This language from the rule is "intended to encourage the exercise of this discretion." *Id.*

### III. Analysis

Here, the Plaintiff-in-Limitation has filed a motion for Claimant Larry Gildemeister to submit to:

> An IME with Dr. Robert on August 31, 2016 at 8:30 a.m. or, if Dr. Robert becomes unavailable on that date, then on a date and time when he is available, at 4770 S I-10 Service Road, West, Suite 110, Metairie, La. 70001, which is to include examination of Claimant's complained-of physical injuries and symptoms including, but not limited to his head, back and neck. The IME shall take place in a manner and under those conditions customary in Dr. Robert's field of expertise.

R. Doc. 24, p. 1. At this time, the Claimant does not appear to argue that his physical health is "in controversy" or that there is "good cause" for the examination. R. Doc. 27, p. 6 (only objecting to Dr. Robert conducting the examination).

The Court finds there is not good cause for a neurological examination nor are any neurological ailments in controversy; however, the Court does find that good cause exists for an orthopedic evaluation of the Claimant. Based on Plaintiff-in-Limitation's Counsel's arguments during oral arguments, the Court is not convinced that the Plaintiff-in-Limitation fully comprehends the extent or specific injuries that the Claimant is alleging in large part because the Claimant had not been deposed at that time. The Court therefore instructed the parties to arrange the deposition of the Claimant within two weeks of the hearing. Moreover, during oral arguments, Counsel for the Claimant stated that the claimant had no surgical recommendation at this time and was presenting orthopedic problems.

"The Rule 35 decision has been termed 'intensively fact-specific.'" *Lahr*, 164 F.R.D. at 199 (quoting 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice &Procedure*, §2234.2 (1994)). At this time, the Court finds that the facts indicate that the Claimant has suffered only orthopedic injuries and does not require any surgery at this time. The injuries allegedly sustained by the Claimant that are "in controversy" then are orthopedic in nature and not neurological. As such, there is good cause for an independent medical examination of those injuries as they are "in controversy" and are the basis for the Claimant's claim for damages. R. Doc. R. Doc. 9, p. 6. *See also Duncan*, 155 F.R.D. at 25 ("Only if no additional relevant information could be gained by an examination. . .should the motion for a psychiatric examination be denied.").

While the movant's choice of physician is normally accepted by the court, the court must still exercise its judgment in the selection of a suitably qualified physician for the facts of that case. *See Lahr*, 164 F.R.D. at 202. Given that there are no neurological symptoms alleged by the Claimant nor any surgery recommendations, the Court finds that Dr. Roberts—while a well-qualified neurosurgeon—is not suited for the examination in question. *See* Advisory Committee's Notes to 1991 Amendment to Rule 35 ("If the proposed examination and testimony calls for an expertise that the proposed examiner does not have, it should not be ordered, even if the proposed examiner is a physician."). However, because the Court finds that there is good cause for a medical examination of the Claimant, the Court will order that the Claimant undergo a medical examination by an orthopedist selected by the Plaintiff-in-Limitation.

**IV.** **Conclusion**

Accordingly,

**IT IS ORDERED** that the Plaintiff-in-Limitation's **Motion for an Order for Claimant Larry Gildemeister to Submit to Independent Medical Examination (R. Doc. 24)** is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that the Plaintiff-in-Limitation's selection of Dr. Everett Robert as the independent medical examiner is denied.

**IT IS FURTHER ORDERED** that Larry Gildemeister must submit to an independent medical examination to be performed by an orthopedist selected by the Plaintiff-in-Limitation.

New Orleans, Louisiana, this 9th day of September 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**